IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  03-cv-02339-RPM-MJW

JOHN HIMMLER, individually and on behalf of his minor son, and
JACOB HIMMLER, a minor,

          Plaintiffs,

v.

ELODE BRODBECK,
RICHARD MANGEN,
DAVID KIEFFER,
PATRICIA ANN PHILLIPS,
CHILD AND FAMILY CENTER, INC., and
BEHAVIORAL ASSOCIATES, INC.,

          Defendants.
_____

ORDER OF DISMISSAL
_____

The operative pleading setting forth the plaintiffs' claims in this case is the third

amended verified complaint filed August 13, 2004.  The jurisdictional allegations are

contained in the following two paragraphs:

1.      Plaintiff John Himmler (hereinafter "John") brings this action to redress
actions taken in furtherance of, and damages resulting from, a conspiracy
to deprive and actual deprivation of his rights secured by the First, Fifth,
Ninth, and Fourteenth Amendments to the U.S. Constitution and Article II,
sections 1, 2, 3, 6, 25, 28, 29, Article VI, section 26, Article XI, section 2,
Article XII, section 2, 7, the Colorado Constitution as well as 42 U.S.C.
sections 1983, 1985(2); intentional infliction of emotional distress
(outrageous conduct); breach of contract; and unjust enrichment.

2.      John brings this action on behalf of his minor child, Jacob Himmler
(hereinafter "Jacob"), to redress actions in furtherance of, and damages
resulting from, a conspiracy to deprive and actual deprivation of rights
secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to

the U.S. Constitution, and Article II, sections 1, 2, 3, 6, 25, 28, 29, Article
VI, section 2, 7, of the Colorado Constitution as well
as 42 U.S.C. sections 1983, 1985(2); intentional infliction of emotional
distress (outrageous conduct); breach of contract.

The requested relief is damages pursuant to U.S.C. §§ 1983 and 1985(2) and for
common law claims of breach of contract, intentional infliction of emotional distress and
unjust enrichment.  The defendants filed motions to dismiss or for summary judgment.
On November 2, 2004, the plaintiffs filed a combined response, setting forth in more
detail the factual allegations upon which plaintiffs rely in seeking relief in this court for
financial and personal injury arising out of divorce proceedings in the District Court,
City and Count of Denver, Colorado.  The divorce terminated the marriage of John
Himmler and defendant Patricia Ann Phillips with a decree dissolving the marriage and
establishing parenting rights and privileges regarding their son, Jacob Himmler.

The Denver District Court modified the orders regarding parental rights after
proceedings in which the defendant Dr. Elode Brodbeck played a central role as a
Special Advocate, appointed by Judge McMullen pursuant to C.R.S. § 14-10-116.  Dr.
Brodbeck is a co-owner of defendant Child and Family Center, Inc.

Essentially the assertions made in this case are that Dr. Brodbeck exceeded her
authority as Special Advocate and conspired with the other defendants to submit false
information, including false testimony to the court, as a result of which the parental
relationship between the plaintiffs was unconstitutionally disrupted.  The orders which
are alleged to have been the result of the defendants' conduct were later changed by a
Denver magistrate and a different district judge.

The claims for relief under 42 U.S.C. § 1983 are not supported by the allegations

2

of the third amended complaint because none of the defendants are state actors.  The

core of the plaintiffs' claim is that Dr. Brodbeck was a state actor but the law is clear

that she was not.  The role of Special Advocate under Colorado law is not different from

a guardian ad litem in New Mexico and the decision in *Meeker v. Kercher,* 782 F.2d

153 (10th Cir. 1986) is dispositive of this issue.

The plaintiffs' claim under 42 U.S.C. § 1985(2) is a collateral attack on the

orders entered by the Denver District Court.  While the plaintiffs do not seek to overturn

or change those orders, the premise for damages is that the orders of Judge McMullen

were invalid.  It is well established law that the *Rooker-Feldman* doctrine precludes this

court from proceeding on these claims made under federal law.  *Kenmen Engineering*

*v. City of Union,* 314 F.3rd 468 (10th Cir. 2002).

Having determined that the plaintiffs have failed to state claims for relief under

federal law, there is no jurisdiction to consider the state law claims under 28 U.S.C. §

1367.  Accordingly, this civil action should be dismissed with prejudice on the federal

claims and without prejudice as to the state law claims.

The plaintiffs have asserted that the Colorado statute is unconstitutional but

have raised no persuasive argument in support of that assertion.

On February 22, 2005, this court granted the motion of John W. McKendree to

withdraw as counsel for the plaintiffs.  That motion had been scheduled for a hearing

on January 31, 2005, but the plaintiff John Himmler on behalf of himself and his plaintiff

son on January 27, 2005, filed a statement that the attorney-client relationship with

John W. McKendree had been terminated by plaintiffs on January 18, 2005, and that

3

the plaintiffs were seeking to obtain new counsel.  No new counsel has appeared in this civil action and the Court has ruled on the motions as a result of the responses filed by Mr. McKendree before his withdrawal.

It is for the foregoing reasons

ORDERED that the defendants' motions submitted under F.R.Civ.P. 12(b)(6) are granted.  The first, second, third and fourth claims for relief of the third amended complaint are dismissed with prejudice and it is

FURTHER ORDERED that the remaining claims of the third amended complaint are dismissed without prejudice for lack of jurisdiction.

DATED: September 30, 2005.

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

4

Civil Action No.      03-cv-02339-RPM


     I do hereby certify that I have mailed a copy of the attached to the following:

Dated: September 30, 2005

                              GREGORY C. LANGHAM, CLERK

                                   Leslie A. Martin

                    By_____
                                  Deputy


John and Jacob Himmler
825 9th St.
Berthoud, CO 80203